# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MACHIAS JACKSON,

    **Plaintiff,**

    v.

DAY & ZIMMERMAN, NPS, INC.

    **Defendant.**

Case No. 18-2301-JAR-TJJ

## MEMORANDUM AND ORDER

Fed. R. Civ. P. 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[1] Accordingly, upon Plaintiff Machias Jackson's application showing that Defendant Day & Zimmerman, NPS, Inc. failed to plead or otherwise defend, the Clerk entered default on January 2, 2019.[2] Plaintiff's Motion for Default Judgment (Doc. 6) was set for hearing on February 7, 2019.

On February 5, 2019, Defendant filed its Motion for Relief from Default and for Leave to Answer Out of Time (Doc. 9), which is now before the Court. Plaintiff has not filed a response and the time to do so has expired.[3] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

---

[1] Fed. R. Civ. P. 55(a).

[2] Doc. 7.

[3] *See* D. Kan. R. 6.1(d)(1) (allowing fourteen days to file a response).

Given Plaintiff's failure to respond, the Court may grant Defendant's motion to set aside default and enlarge time to answer as uncontested.

Under Rule 55(c), the Court may set aside a clerk's entry of default if good cause is shown. When making this determination, the Court must consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[4] The Court need not consider all of these factors, but is mindful that "willful failure alone may constitute sufficient cause for the court to deny the motion."[5] The standard is "fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[6]

In addition to granting Defendant's motion as uncontested, the Court finds good cause to set aside the default. After reviewing the motion, the Court finds that Defendant's default was not willful. It has diligently searched but found no record of service of process to CT Corporation or its affiliates, Defendant's registered agent. Immediately upon learning of the default on February 4, 2019, Defendant engaged counsel who filed the instant motion for leave. Additionally, Plaintiff will not suffer prejudice by setting aside the default—Plaintiff has not opposed the motion, and the case is in its infancy. Finally, Defendant has plausibly suggested a meritorious defense for purposes of setting aside default. For these reasons, the motion to set aside default is granted.

---

[4] *See, e.g.*, *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005).

[5] *Id.*

[6] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

Additionally, Plaintiff has not opposed Defendant's request for additional time to file a responsive pleading. Accordingly, the Court grants Defendant's request to extend its responsive pleading deadline by twenty-one (21) days to February 25, 2019.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Relief from Default and for Leave to Answer Out of Time (Doc. 9) is **granted**. Defendant is granted an additional twenty-one days, or until February 25, 2019, to file a responsive pleading.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Default Judgment (Doc. 6) is **denied**.

**IT IS SO ORDERED.**

Dated: February 25, 2019

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE